14-4420-cr
*United States v. Walsh*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                        No. 14-4420-cr

STEPHEN WALSH,

        *Defendant-Appellant.*[*]

| | |
|---|---|
| **FOR THE UNITED STATES OF AMERICA:** | JESSICA A. MASELLA (Anna M. Skotko, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | SARITA KEDIA, Sarita Kedia Law Offices, New York, NY. |

---

[*] The Clerk of Court is instructed to amend the caption of this appeal as indicated above.

Marc Fernich & Jonathan Savella, Law
Office of Marc Fernich, New York, NY.

Appeal from the November 19, 2014 judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Stephen Walsh ("Walsh") appeals from the District Court's November 19, 2014 judgment, which was signed on November 18, 2014, and which imposed a principal sentence of 240 months' imprisonment. The District Court's written judgment followed an identical oral sentence that it imposed during an October 29, 2014 sentencing hearing.

The crux of Walsh's argument on appeal is that the District Court "arrest[ed] the October 29 [sentencing] hearing and invit[ed] a plea withdrawal motion . . . [,] only to pronounce the ultimate sentence weeks later via electronic docket entry," thereby "infring[ing] . . . [his] fundamental rights" under the Fifth and Sixth Amendments to the United States Constitution and Rule 43(a) of the Federal Rules of Criminal Procedure "that sentence be imposed in open court, in the presence of the accused, his counsel and any spectators that wish to attend." Def.'s Br. 8–9.

We find Walsh's argument unpersuasive. The transcript of the October 29 sentencing hearing establishes beyond any doubt that Walsh was, in fact, sentenced in open court on that date, and not, as he claims, "*in camera*" on November 19, when judgment was formally entered. *See* A-61 ("[A]t this time, I sentence you . . . to 20 years in prison. To be followed by three years of supervised release."); A-62 (requiring that Walsh stand, and stating again, "I sentence you to 20 years in prison to be followed by three years of supervised release"). That the District Court may have mistakenly implied that it had the authority to entertain a post-sentencing motion to withdraw Walsh's guilty plea, *see* Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant many not withdraw a plea of guilty . . . , and the plea may be set aside only on direct appeal or collateral attack."), does not change that fact.

**CONCLUSION**

We have considered all of Walsh's arguments on appeal and found them to be without merit. Accordingly, the November 19, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2